**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Yasmany A.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General of the United States*; Markwayne Mullin, *Secretary of the Department of Homeland Security*; David Easterwood, *Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; David Venturella, *Acting Director, Immigration and Customs Enforcement*, in their official capacities,

Respondents.

File No. 26-CV-4734 (JMB/DLM)

**ORDER**

---

Daniel P. Suitor, Daniel P. Suitor, PLLC, Minneapolis, MN, for Petitioner Yasmany A.

Derek Ganzhorn, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David Easterwood, and David Venturella.

---

This matter is before the Court on Petitioner Yasmany A.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names Todd Blanche, Markwayne Mullin, David Easterwood, and David Venturella as

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Respondents. (*Id.*) The Court grants the Petition.

**FINDINGS OF FACT**

1. Yasmany A. is a native and citizen of Cuba. (Pet at ¶ 2.)

2. In 2021, Yasmany A. came to the United States and was released into the country on his own recognizance. (*Id.* at ¶ 15.)

3. Yasmany A.'s criminal history consists of pleading guilty to a 2024 misdemeanor charge of drug possession and fictitious use of vehicle registration papers, and a 2025 felony charge of falsifying immigration identification papers. (*Id.* at ¶ 16.)

4. In 2024, Yasmany A. applied for asylum, but ICE detained him at a check-in at their field office in Grand Folks, North Dakota on February 5, 2025. (*Id.* at ¶ 17.) His asylum application was later denied, and he was ordered removed on July 22, 2025, by an immigration judge. (*Id.*) After an unsuccessful appeal, his order of removal became final on April 17, 2026. (*Id.*)

5. On February 9, 2026, Yasmany A. filed his first habeas petition, where he represented himself and alleged that his detention violated the INA and due process. (*Id.* at ¶ 21.); *see Yasmany A.S. v. Crow Wing Cnty. Jail*, No. 26-CV-1251 (SRB/LIB), slip op. at 1 (D. Minn. Mar. 16, 2026).

6. On March 16, 2026, the Court denied Yasmany A.'s petition. (Pet at ¶ 22.) Sometime after the conclusion of that case, Respondent transferred Yasmany A. to El, Paso, Texas, with the intent to remove him to Mexico, but he was eventually transferred back to Minnesota. (*Id.*)

7. On July 25, 2026, ICE issued a Notice of Failure to Comply to Yasmany A.,

which stated: "[o]n July 3, 2026, you refused removal to Mexico at El Paso, TX. Because you are interfering with your removal, you have failed to comply with your obligation . . . [and your] removal period is therefore extended in your case." (*Id.* at ¶ 24; Doc. No. 8-6 at 3.) Since being issued a Notice of Failure to Comply, ICE has notified Yasmany A. that he needs to comply with removal orders, however, ICE has not provided a concrete plan to effectuate such removal, due in part to Mexico's refusal to accept Yasmany A. (Pet. at ¶ 25–26.)

8. Due to the circumstances surrounding Respondents' efforts to remove Yasmany to a third country, he is a class member of the *D.V.D. v. U.S. Dep't of Homeland Sec.*, class action. 778 F. Supp. 3d 355, 378 (D. Mass. 2026), *aff'd in part, vacated in part*, No. 26-1212, 2026 WL 2797801 (1st Cir. Sept. 18, 2026), and *cert. granted sub nom. Dep't of Homeland Sec. v. D.V.D.*, No. 26-426, 2026 WL 2917860 (U.S. Sept. 29, 2026). (Pet. at ¶ 9.)

9. Yasmany A. is presently being detained at the Freeborn County Jail in Albert Lea, Minnesota and has been there since at least the date of his order of final removal. (Pet. ¶ 8.) Since being detained, Yasmany A. has not acted in any way to prevent his removal. (*Id.* at ¶ 31.)

10. On November 6, 2026, Yasmany A. filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) In the Petition, Yasmany A. raises the following four claims: (1) his detention has lasted more than 180 days in violation of 8 U.S.C. § 1231 (Count One); (2) this period of continued detention also violates the procedural due process rights guaranteed by the Fifth Amendment (Count Two); (3)

Respondents' third-country removal policy violates the INA and other statutes (Count Three); and (4) Respondents' third-country removal policy violates the Fifth Amendment (Count Four).

11. On November 6, 2026, the Court ordered Respondents to file a response to the Petition on or before 11:00 a.m. on November 9, 2026. (Doc. No. 5.) The Court ordered that Respondents make an affirmative statement whether Respondents complied with the Immigration and Nationality Act and accompanying regulations when they took Petitioner into custody. (Doc. No. 4.)

**DISCUSSION**

In his Petition, Yasmany A. seeks immediate release based on Counts One and Two and additional injunctive relief based on Counts Three and Four. For their part, Respondents argue that this Court does not have jurisdiction over the matter and that Yasmany A.'s ongoing detention complies with applicable regulations and due process. For the reasons set forth below, the Court grants the Petition.

**A. Right to Habeas Relief**

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525

(quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B. Jurisdiction**

Because Yasmany A. is a member of a nationwide class in *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 378 (D. Mass. 2026), *aff'd in part, vacated in part*, No. 26-1212, 2026 WL 2797801 (1st Cir. Sept. 18, 2026), and *cert. granted sub nom. Dep't of Homeland Sec. v. D.V.D.*, No. 26-426, 2026 WL 2917860 (U.S. Sept. 29, 2026) (staying an injunction pending an appeal over a class that seeks declaratory and injunctive relief against DHS actions to deport, or their plans to deport, noncitizens to third countries) (Pet at ¶ 9), Respondents argue that this Court lacks jurisdiction over the Petition.[2] The Court

[2] In the alternative, Respondents argue that 8 U.S.C. § 1252(g) bars jurisdiction. (Doc. No. 7 at 6–7.) The Court's jurisdiction to consider the claims in the Petition, however, is not precluded by this provision. The provisions of section 1252(g) are necessarily narrowly construed, and the prohibition on judicial review of an agency decision to "execute removal orders" cannot prohibit challenges to agency action concerning detention pending removal. *E.g.*, *Dep't of Homeland Sec. v. Regents of the Univ. of Calif.*, 591 U.S. 1, 19 (2020) (cautioning that the jurisdictional limits under section 1252(g) are "narrow," and apply only to the "review of cases 'arising from' decisions 'to commence proceedings, adjudicate cases, or execute removal orders.'"); *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 n.3 (2018) (concluding that section 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions, [but] . . . refers to just those three specific actions themselves" and expressly declining to "follow th[e] logic" that detention is an action arising from the government's decision to execute removal orders.) Yasmany A. does not challenge the validity the final order of removal to Cuba, but rather, in Counts One and Two, Yasmany A. contests the lawfulness of his detention pending that removal. Thus, section 1252(g) does not bar consideration of the Petition.

disagrees.[3]

While portions of the Petition are similar to the claims raised in *D.V.D.*, Counts One and Two are not related to Respondents' third-country removal policy. The Court necessarily addresses those claims without regard to *D.V.D. E.g.*, *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 880 (1984) (concluding that class action judgments are limited only to the claims at issue and do not impact a plaintiff's ability to raise individual claims not addressed in the class action); *Minnesota Min. & Mfg. Co. v. Taylor*, 21 F. Supp. 2d 1003, 1004 (D. Minn. 1998) ("A preliminary injunction is appropriate if any one of a plaintiff's claims supports such relief." (citing *Metric & Multistandard Components Corp. v. Metric's, Inc.*, 635 F.2d 710, 715 (8th Cir. 1980)).[4]

### C. No interference under *Zadvydas*

Next, Yasmany A. argues that his custodial detention violates due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been detained for more than 180 days and Respondents still have not identified any plans to remove him since his order of

[3] To the extent that portions of Respondents' written submissions could be construed as arguing that consideration of the Petition is barred by the doctrine of res judicata, the Court cannot agree. To be clear, Respondents advance no argument concerning Yasmany A.'s previous habeas petition. Instead, the only references to res judicata are tied to the decisions in *D.V.D.* Because *D.V.D.* does not impact the Court's consideration of Counts One and Two, the Court necessarily rejects any argument that res judicata bars relief here.

[4] Respondents also suggest that Yasmany A. must "seek relief through the class" and not in "this separate action." (Doc No. 7 at 6.) This argument, however, directly conflicts with established case law and also with the argument that Respondents made in *D.V.D.* Counsel in that case argued that "injunctive relief cannot be granted to the class, and may only be pursued (if at all) through individual cases." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 730 (W.D. Wash. 2025).

removal became final on April 17, 2026. (Pet. at ¶ 10.) Under *Zadvydas*, Respondents have six months to carry out a removal order. *Zadvydas*, 533 U.S. at 701. After that six-month period has expired, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," Respondents must "respond with evidence sufficient to rebut that showing." *Id.* If Respondents do not do so, then the noncitizen must be released. *Id.* at 699-700. Importantly, Respondents must come forward with specific and particularized evidence to rebut a petitioner's showing and establish interference. *E.g.*, *Alian C.L. v. Mullin*, No. 26-CV-2335 (LMP/ECW), 2026 WL 1266167, at *3 (D. Minn. May 8, 2026) ("Courts regularly refuse to find that the Government meets its burden under *Zadvydas* when the Government offers little more than generalizations regarding the likelihood that removal will occur to a third country." (collecting cases)).

Here, it is undisputed that Yasmany has been detained for more than six months beyond the date of his final removal. In addition, the Court concludes that he has shown good reason to believe that he will not be removed in the foreseeable future: Respondents "have not taken any steps or made any efforts to execute the removal order to any other country. . . . [and] have not indicated that there is a specific plan in place to remove Petitioner or that Cuba or any other country will accept Petitioner, and the ability to carry out his removal is currently only speculative." (Pet. at ¶ 83.) Respondents do not submit evidence to refute this statement.

In addition, the record contains insufficient information to support a finding of interference. Respondents submitted a Notice of Failure to Comply stating that "[o]n July

3, 2026, you refused removal to Mexico at El Paso, TX. Because you are interfering with your removal, you have failed to comply with your obligation . . . [and your] removal period is therefore extended in your case." (Doc. No. 8-6 at 3.) However, this conclusory statement contains no explanation of what actions Yasmany A. undertook that caused Respondents to conclude that he interfered. There is no declaration describing what transpired and no statements that Yasmany A. acted in an aggressive or disruptive manner. Likewise, there are no facts presented showing that Yasmany A. refused to apply for necessary travel documents or refused to take specific steps necessary for removal.[5] Absent some information presented that could support a finding of interference, Respondents have not rebutted Yasmany A.'s showing that there is no significant likelihood of removal in the reasonably foreseeable future. *See Alian C.L.*, 2026 WL 1266167.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Yasmany A. immediately, without conditions of release and in any event no later than 4:00 p.m. CT on

---

[5] At most, Respondents state that Yasmany A. refused to sign an Instruction Sheet and Form I-229(a). (Doc. No. 7 at 10; *see* Doc. No. 8-4.) Given the nature of these documents, which are not required for acceptance by Mexico of a removed person, evidence of a failure to sign them cannot establish interference. *See Luis S.R. v. Mullin*, No. 26-CV-2642 (NEB/DJF), 2026 WL 1790914, at *4–5 (D. Minn. June 4, 2026), *report and recommendation adopted*, No. 26-CV-2642 (NEB/DJF), 2026 WL 1788970 (D. Minn. June 22, 2026) (holding that an absence of supporting documentation cannot show that Petitioner refused to comply with removal orders and that Petitioner's "refusal to sign the forms thus could not have had any impact on Mexico's rejection [of Petitioner].").

November 16, 2026.

2. On or before 11:00 a.m. CT on November 17, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Yasmany A.

3. On or before 11:00 a.m. CT on November 17, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4. Petitioner Yasmany A. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5. To the extent Petitioner Yasmany A. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 13, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court